Semnar & Hartman, LLP
Babak Semnar, Esq. (#224890)
bob@semnarlawfirm.com
Jared M. Hartman (#254860)
jaredhartman@jmhattorney.com
400 S. Melrose Drive, Suite 209
Vista, California 92081
Telephone: (951) 293-4187
Fax: (888) 819-8230

Attorneys for Plaintiffs
DEJAN MARKOVIC & DARLYNNE MARKOVIC

# U.S. DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEJAN MARKOVIC, an individual, & DARLYNNE MARKOVIC, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIDELITY CREDITOR SERVICE, INC.,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, et seq.;**<br>2. **STATE OF CALIFORNIA ROSENTHAL ACT, CALIF. CIV. CODE § 1788, et seq.;**<br>3. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CALIF. CIV. CODE 1785.25(a)** |

Plaintiffs, DEJAN MARKOVIC & DARLYNNE MARKOVIC, both Individuals, by and through their attorneys of record, hereby complain and allege as follows:

## INTRODUCTION

1. Plaintiffs, by and through her attorneys of record, bring this action to

1
**COMPLAINT FOR DAMAGES AND JURY TRIAL**

1. secure redress from unlawful debt collection practices engaged in by Defendant FIDELITY CREDTIOR SERVICE, INC. (hereinafter "Defendant") in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p (hereinafter "FDCPA"); the State of California Rosenthal Act, California Civil Code § 1788-1788.32 (hereinafter "Rosenthal" or "Rosenthal Act"); and the State of California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a) (hereinafter "CCRAA").

2. Plaintiffs make the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff personally, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

5. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the Federal FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1681p; and the U.S. District Court has supplemental jurisdiction over all state

1 law causes of action pursuant to 28 U.S.C. § 1367(a).

2     5.    Because Defendant is physically located at 216 S. Louise Street, City of Glendale, State of California, personal jurisdiction is established.

    6.    Venue in this District is proper pursuant for the following reasons: (i) Plaintiff resides in the City of Torrance, County of Los Angeles, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant has conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

    7.    Plaintiffs are natural persons whose permanent residence is in the County of Los Angeles, State of California, and are therefore both a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

    8.    Plaintiffs, as a natural persons allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, are therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and are also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

    9.    As a partnership, corporation, limited liability company, or other similar entity, Defendant is therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

    10.    Defendant has alleged that Plaintiff owed money that they were allegedly

1 collecting arising out of money claimed to be owed by Plaintiffs to a former landholder
2 for unpaid rent and damages to the apartment, and Plaintiffs therefore are informed and
3 believe that the money alleged to have been owed to Defendant originated from
4 monetary credit that was extended primarily for personal, family, or household
5 purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of
6 the FDCPA and California Civil Code § 1788.2(d) of the Rosenthal Act.

7   11.   Upon information and belief, Defendant alleged that Plaintiffs owed
8 money that Defendant was allegedly collecting for money arising out alleged unpaid
9 rent and damages to the apartment, and was therefore a "consumer credit transaction"
10 within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

11   12.   Because Plaintiffs, natural persons allegedly obligated to pay money
12 arising from what Plaintiffs are informed and believe was a consumer credit transaction,
13 the money allegedly owed was a "consumer debt" within the meaning of California
14 Civil Code § 1788.2(f) of the Rosenthal Act.

15   13.   Plaintiffs are informed and believe that Defendant utilizes the
16 instrumentalities of interstate commerce and the mails in a business for which the
17 principal purpose is the collection of any debts, is one who regularly collects or
18 attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or
19 due another or themselves, and is therefore a "debt collector" within the meaning of 15
20 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the
21 Rosenthal Act, and thereby engages in "debt collection" within the meaning of

1  California Civil Code § 1788.2(b) of the Rosenthal Act.

2  14.    As it pertains to the California CCRAA, Plaintiffs are natural persons, and
3  are therefore both a "consumer" as that term is defined by Calif. Civ. Code § 1785.3(b)
4  of the California CCRAA.

5  15.    As it pertains to the California CCRAA, the causes of action herein pertain
6  to Plaintiffs' "consumer credit reports", as that term is defined by Calif. Civ. Code §
7  1785.3(c) of the California CCRAA, in that inaccurate misrepresentations of Plaintiffs'
8  creditworthiness, credit standing, and credit capacity were made via written, oral, or
9  other communication of information by a consumer credit reporting agency, which is
10 used or is expected to be used, or collected in whole or in part, for the purpose of
11 serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to
12 be used primarily for personal, family, or household purposes, and employment
13 purposes.

14 16.    Defendants is a partnership, corporation, association, or other entity, and
15 are therefore each a "person" as that term is defined by Calif. Civ. Code § 1785.3(j) of
16 the California CCRAA.

## FACTUAL ALLEGATIONS

18 17.    On or about July 17, 2007, Plaintiffs moved into an apartment at Torrance
19 Venture Properties.

20 18.    There was significant damage to the apartment upon Plaintiffs moving in.

21 19.    Plaintiffs tried to inform the apartment management of the damages, and

1 Plaintiffs were told by the management that the items would be fixed in the near future
2 and instructed Plaintiffs to NOT list the items of damage on the itemization list.

3     20.    Some of the complained-about items of damage were fixed, but not all of
4 them.

5     21.    Plaintiffs tried to request that management fix the remaining items of
6 damage, but their requests were never fulfilled.

7     22.    Plaintiffs' tenancy was on a month-to-month basis, and they provided 30
8 days' notice of their intent to move out at the end of April 2010.

9     23.    Plaintiffs then moved out on May 22, 2010, prior to the expiration of the
10 30-day notice period.

11     24.    Plaintiffs left the property in substantially better condition than in how it
12 had been provided to them, as required by the lease agreement.

13     25.    At some point in the year 2011, Plaintiffs suddenly began receiving debt
14 collection letters from Defendant, claiming that Plaintiffs owed approximately
15 $2,900.00 for alleged damages to the apartment and because Plaintiffs did not move out
16 until June 1, 2010 and therefore owed an additional month of rent.

17     26.    However, Plaintiffs were never once provided any invoices or collection
18 letters from the apartment management, and the first that Plaintiffs learned of the
19 alleged debt upon receiving collection letters from Defendant.

20     27.    Plaintiffs have always disputed both claims—Plaintiffs did not cause the
21 damage for which the management was attempting to collect, and had in fact left the

1 property in substantially better condition than in what was provided to them, and 2 Plaintiffs also have proof that they moved out on May 22, 2010, prior to expiration of 3 their 30-day move out notice.

4     28. Defendant's debt collection letters show that Defendant has been adding 5 interest and collection costs to the alleged outstanding amount.

6     29. The lease contract does not allow for the addition of interest and 7 collections costs to an allegedly defaulted debt, and a debt collector is not entitled to 8 add interest unless the agreement creating the underlying debt expressly entitles them to 9 add interest or the debt collector first establishes a right to the debt by obtaining a 10 judgment.

11     30. Absent a judgment or an express agreement for interest to be added to the 12 underlying obligation, a debt collector cannot add interest as part of its collection 13 efforts.

14     31. Plaintiffs have lodged written disputes to Defendant explaining their 15 disputes of the allegedly outstanding amounts.

16     32. However, Plaintiffs' refusal to pay simply resulted in Defendant filing a 17 lawsuit against Plaintiffs in Superior Court for the County of Los Angeles, under case 18 number SB12C03759 on November 26, 2012.

19     33. The complaint shows that Plaintiffs are seeking judgment for $2,920.00 on 20 the underlying obligation, plus interest at 10% per annum from June 1, 2010, plus 21 attorneys' fees.

34. The agreement only allows for attorneys' fees to be added if the tenant is in default of the rent payments.

35. Because Plaintiffs moved out prior to expiration of the 30-day notice period, Plaintiffs therefore did not default on their rent payments.

36. Plaintiffs filed Answers in the state court action on December 31, 2012.

37. A court trial is scheduled for April 23, 2015.

38. Upon preparing for trial on the state matter, it has been discovered that, on November 5, 2014, Defendant reported upon Plaintiff DARLYNNE's consumer credit report the alleged debt in a total amount of $4,822.00, and on February 16, 2015, Defendant reported upon Plaintiff DEJAN's consumer credit report the alleged debt in a total amount of $4,905.00.

39. Because the underlying obligation allegedly owed is only $2,920.00, it is clear that Defendant's credit reporting is false and misleading in that: 1) it creates the impression that Plaintiffs have defaulted on a credit obligation when in fact they are not liable for any of the alleged debt, and 2) it creates the impression that Plaintiffs have defaulted on a much larger amount than alleged.

40. If Defendant is reporting an amount that adds interest, then Defendant is reporting false and misleading information, because a debt collector cannot collect interest prior to obtaining judgment in the absence of an express agreement to collect interest, and in the instant matter neither a judgment nor an express agreement exist.

41. Defendant's credit reporting also does not show that Plaintiffs are

disputing the debt or the amounts alleged.

42. The act of credit reporting is a communication pursuant to 15 U.S.C. § 1692a(2) of the FDCPA, as it constitutes the conveying of information regarding a debt directly or indirectly to any person through any medium.

43. As a result of Defendant's unlawful credit reporting, Plaintiffs have suffered actual damages in that they have suffered a reduction in credit score, are unable to secure additional consumer credit loans, and have also suffered mental anguish by way of embarrassment, humiliation, sadness, anger, frustration, and feelings of hopelessness.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**15 U.S.C. §§ 1692-1692p**

4. Plaintiffs re-allege and incorporate by reference the above paragraphs, as though set forth fully herein.

5. By reporting false and misleading information upon Plaintiffs' consumer credit reports, since Defendant has reported inflated amounts to which it is not entitled prior to judgment and has failed to update the reporting that Plaintiffs dispute the debt and the amounts after being informed by Plaintiffs as such in writing, Defendant has therefore committed the following violations of the FDCPA:

    a. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e of the FDCPA,

      b. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA,

      c. Has communicated to the credit reporting agencies information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA, and

      d. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA;

      e. Has engaged in unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f of the FDCPA.

6. Plaintiffs are informed and believe that these violations were willful, in that Defendant was informed by Plaintiffs specifically as to the basis for their disputes, yet Defendant has continued to report the false information anyway.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32

7. Plaintiffs re-allege and incorporate by reference the above paragraphs, as though set forth fully herein.

8. By violating the FDCPA, as identified the First Cause of Action above, Defendant HPS has also necessarily violated the Rosenthal Act via Calif. Civil Code § 1788.17, as the Rosenthal Act has incorporated each of those provisions of the FDCPA.

9. Plaintiffs are informed and believe that these violations were willful, in that Defendant was informed by Plaintiffs specifically as to the basis for their disputes,

1  yet Defendant has continued to report the false information anyway.

**THIRD CAUSE OF ACTION**
**(VIOLATIONS OF CALIF. CCRAA)**
**CAL. CIV. CODE § 1785.25(a)**

10. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs as if fully stated herein.

11. As the furnisher of information to credit reporting agencies, Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

12. Even if the derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

13. By reporting false and misleading information upon Plaintiffs' consumer credit reports, since Defendant has reported inflated amounts to which it is not entitled prior to judgment and has failed to update the reporting that Plaintiffs dispute the debt and the amounts after being informed by Plaintiffs as such in writing, Defendant has therefore repeatedly violated its obligations under Calif. Civ. Code § 1785.25(a).

14. Plaintiffs are informed and believe that these violations were willful, in that Defendant was informed by Plaintiffs specifically as to the basis for their disputes,

yet Defendant has continued to report the false information anyway

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant, in favor of each Plaintiff individually, and Plaintiffs individually be awarded damages as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code § 1788.30(c);
- Actual damages, as will be proven at trial, negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);
- Actual damages plus punitive damages of $100.00-$5,000.00 for every willful violation of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);
- Injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and

1 • Any reasonable attorney's fees and costs to maintain the instant action,
2 pursuant to Calif. Civ. Code § 1785.31(d).

3 Pursuant to the seventh amendment to the Constitution of the United States of
4 America, Plaintiffs are entitled to, and demand, a trial by jury.

5 Dated: March 19, 2015                    Respectfully submitted,

6                                          SEMNAR & HARTMAN, LLP

7                                    By:   /s/ Jared M. Hartman_____
                                           Jared M. Hartman, Esq.
8                                          Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21